IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH THORN,<br>    Plaintiff,<br><br>v.<br><br>JOSEPH SMITH, individually and in his capacity as warden/USP Lewisburg, U.S. BUREAU OF PRISONS,<br>    Defendants. | :<br>:<br>:  No. 4:05-CV-0166<br>:<br>:<br>:  (Judge McClure)<br>:<br>:<br>:<br>:<br>:<br>: |

## **O R D E R**

April 22, 2005

**BACKGROUND:**

Plaintiff Joseph Thorn, proceeding *pro se*, is currently a prisoner at the Federal Prison Camp-Lewisburg seeking various forms of relief for allegedly improper prison conditions. On or about April 18, 2005, the clerk docketed four documents from Thorn: (1) a motion for appointment of counsel; (2) an affidavit in support of his motion for appointment of counsel; (3) a motion for extension of time to file a reply brief to the government's opposition to Thorn's request for a preliminary injunction; and (4) a letter to the clerk in which Thorn explains the three previous documents were not filed sooner because of a prison mailroom delay.

The court will consider Thorn's motion for extension of time as timely, and


will afford Thorn additional time to file a reply brief responding to the government's brief in opposition to Thorn's request for a preliminary injunction.[1] Also, the court will deny Thorn's motion for appointment of counsel. Because this is a civil case, 18 U.S.C. § 3006A, which governs the appointment of counsel in the criminal context, is inapplicable. In civil cases, the court has broad discretion to grant a request for counsel in certain instances. See 28 U.S.C. § 1915(e)(1); Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). The court's decision whether to appoint counsel is governed by the criteria enunciated in Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).

Under Tabron, the court must first decide whether the litigant's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 498-99. If the litigant's case arguably has merit, then the court should consider the following list of non-exhaustive factors:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;

---

[1] Thorn argues that the government's brief, filed on March 31, 2005, was untimely. The court's March 8, 2005 directed the government to file a brief within twenty (20) days of the date on which they received service of Thorn's complaint and memorandum. Even under the unlikely assumption the government received service on the same date the court issued its order (in which case the 20-day period ran until March 28, 2005), the court excuses the government's noncompliance with the March 8, 2005 order.

> 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> 4. the plaintiff's capacity to retain counsel on his or her own behalf;
> 5. the extent to which a case is likely to turn on credibility determinations, and;
> 6. whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57). The court should remain aware that it has "no authority to compel counsel to represent an indigent civil litigant," Tabron, 6 F.3d at 157 n.7, and should be loath to indiscriminately appoint counsel in an instance that would waste a volunteer lawyer's time on a frivolous matter. Id. at 157.

Upon consideration of the relevant factors, the court concludes that appointment of counsel is not warranted at this time. The court cannot determine at this stage whether Thorn's motion has any merit without the benefit of full briefing from the parties. Regardless, Thorn seems capable of adequately presenting his argument. The legal issues involved are not particularly difficult, especially given that he is aided by the liberal construction afforded to *pro se* pleadings. See Haines v. Kerner, 404 U.S. 519 (1972). Also, little investigation or expert testimony, if any, will likely be necessary.

Therefore, the court will deny Thorn's motion. Nonetheless, if future circumstances suggest the need for counsel, the court will reconsider *sua*

*sponte* whether to appoint counsel for Thorn.  In the event that the court finds it necessary to appoint counsel, the court will solicit a volunteer from the available attorney pool.

**NOW, THEREFORE, IT IS ORDERED THAT:**

    1.    Thorn's motion for appointment of counsel (Rec. Doc. No. 12), is denied.

    2.    Thorn's motion for an extension of time to file a reply brief in response to the government's brief in opposition to Thorn's request for a preliminary injunction (Rec. Doc. No. 14), is granted.  Thorn may file a reply brief within twenty (20) days of the date of this order.

        s/ James F. McClure, Jr.
        James F. McClure, Jr.
        United States District Judge