IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH THORN, | : |
| | : No. 4:05-CV-0166 |
| Plaintiff | : |
| | : |
| v. | : (Judge McClure) |
| | : |
| JOSEPH SMITH, individually | : |
| and in his capacity as | : |
| warden/USP Lewisburg, | : |
| U.S. BUREAU OF PRISONS, | : |
| | : |
| Defendants. | : |

**O R D E R**

July 29, 2005

**BACKGROUND:**

Plaintiff Joseph Thorn, proceeding pro se, is currently a prisoner at the Federal Prison Camp-Lewisburg ("FPC-Lewisburg") and has filed a civil rights Bivens[1] action challenging the conditions of his confinement at the federal prison camp. Thorn asserts that FPC-Lewisburg is dangerously overcrowded, has been the scene of a riot which resulted in injury, the prison population is suffering from an out of control "scabies" outbreak, is in the process of dangerously converting

---

[1] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

two man cubes into three man cubes, and to alleviate overcrowded cube conditions, defendant is replacing full size beds with allegedly more dangerous undersized beds, among other measures.  Thorn requests that the court halt the expansion of FPC-Lewisburg inmate population until a "court-approved inspection and report is made and adequate safety, health and facility corrections are put in place."  (Rec. Doc. No.1, at 3.)  Thorn filed his complaint on or about January 25, 2005.  On March 8, 2005, the court denied Thorn's request for a TRO, directed service of Thorn's complaint, and ordered briefing on Thorn's request for a preliminary injunction.

Following receipt of the parties' briefs, and by court order dated May 31, 2005, Thorn was directed to show cause why his request for a preliminary injunction should not be denied and why his complaint should not be dismissed without prejudice for failure to exhaust administrative remedies.  (Rec. Doc. No. 21.)  On June 22, 2005, Thorn responded to the court's order.  Shortly thereafter, on June 30, 2005, Defendants made a filing in opposition.  Finally, upon the filing of Thorn's July 11, 2005 brief the matter is now ripe for our review.  For the following reasons we will deny plaintiff's request for a preliminary injunction and dismiss plaintiff's complaint without prejudice.

**DISCUSSION:**

I.  <u>Exhaustion of Administrative Remedies</u>

A prisoner must fully avail himself of the Bureau of Prisons' administrative procedures for handling grievances before raising a challenge in federal court.  See <u>DeHart v. Horn</u>, 390 F.3d 262, 273 (3d Cir. 2004).  The Prison Litigation Reform Act of 1995 ("PLRA"), contains an exhaustion requirement.  42 U.S.C. § 1997e(a).  That section directs:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Recently, the United States Supreme Court held that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).  As the language "or any other federal law" in 42 U.S.C. § 1997e(a) indicates, "federal prisoners suing under <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971), must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit."  <u>Id.</u> at 524.

The Third Circuit has determined that 42 U.S.C. § 1997e(a) contains a

procedural default component that requires prisoners to exhaust their claims in compliance with a "single, consistent set of procedural rules" in their prison's grievance process.  Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004).  The Third Circuit went on to note that a prison grievance system's procedural requirements must " not be imposed in a way that offends the Federal Constitution or federal policy embodied in § 1997e(a)."  Id. at 232.

On or about January 25, 2005, Thorn filed his complaint with this court.  We agree with the defendant that, at the time Thorn filed this civil action he had failed to exhaust his available administrative remedies on any of the issues he complains about in his complaint.  (Rec. Doc. No. 24, Ex. 1, ¶ 2.)

As of March 30, 2005, Thorn had filed three requests for administrative remedies while at the Lewisburg camp.  (Rec. Doc. No. 24, Ex. 1, ¶ 2.)  While the matter has been pending before this court, Thorn has more aggressively used the administrative remedies process at Lewisburg.  As of June 23, 2005, Thorn had filed 18 requests for administrative remedies.  (Rec. Doc. No. 24, Ex. 1, ¶ 3.) Plaintiff has attempted to file seven requests for administrative remedies since the court's May 31, 2005 order, in which we asked him to address his failure to exhaust administrative remedies.  (Rec. Doc. No. 24, ¶ 20.)  In an effort to support his claim, Thorn has attached other inmates' administrative grievances and appeals

in his submission to the court.  (Rec. Doc. No. 23, Ex. 2.)

The only request for an administrative remedy before this court that was exhausted before the January 25, 2005 filing date relates to the medical treatment Thorn received at FCI-Fort Dix in connection with a sports injury.  (Rec. Doc. No. 23, Ex. 1, A-1.)

As defendant has indicated, the only issues from Thorn's original complaint as to which Thorn has sought to file administrative remedies, were administrative requests that were made after the initial filing of his complaint.  Furthermore, those requests were denied for procedural errors.  (Rec. Doc. No. 24, Ex. 1, ¶¶ 9, 10, 13, 18, & 22.)

The assertion that the administrative grievance procedure is systematically failing is a common theme that runs through plaintiff's filings.  Meanwhile, several of the administrative responses to plaintiff's grievance requests direct plaintiff to follow the appropriate methods for filing and often dispose of his complaints procedurally.  We are not convinced, from the record before us, that the procedural requirements of the prison's grievance system are being imposed in a way that offends the Federal Constitution or federal policy embodied in the exhaustion requirement of § 1997e(a).  Accordingly, in order for Thorn to advance a claim that the administrative grievance procedure is systematically flawed he must

first attempt to address those flaws within the system, by bringing an administrative grievance about the administrative procedures before bringing his complaint to a federal court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's request for a preliminary injunction is denied. (Rec. Doc. No. 1.)

2. Plaintiff's complaint is dismissed without prejudice for failure to exhaust administrative remedies. (Rec. Doc. No. 1.)

3. The clerk is directed to close the case file.

                                              s/ James F. McClure, Jr.
                                              James F. McClure, Jr.
                                              United States District Judge